UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61098-CIV-DIMITROULEAS

MARTHA UGALDE,

    Plaintiff,

v.

VIVARIA FLORIDA LLC, CENTRAL FLORIDA
NIEVES HOLDINGS LLC, SOUTH FLORIDA
NIEVES HOLDINGS LLC, VIVARIA OHIO LLC,
VIVARIA LLC and FRANCISCO JAVIER
GAVILAN, in his individual and professional
capacities,

    Defendants.

_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART</u>**
**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

THIS CAUSE is before the Court on Defendants Vivaria Florida LLC ("VF"), Central

Florida Nieves Holdings LLC ("CFN"), South Florida Nieves Holdings LLC ("SFN"), Vivaria

Ohio LLC ("VO"), Vivaria LLC, and Francisco Javier Gavilan (collectively, "Defendants")'s

Motion for Summary Judgment [DE 28], filed on March 16, 2020.  The Court has carefully

considered the Motion, Plaintiff Martha Ugalde ("Plaintiff" or "Ugalde")'s Response [DE 38],

Defendants' Reply [DE 42], Defendants' statement of facts, Plaintiff's counterstatement, and

Defendant's response to Plaintiff's additional facts [DE's 35, 39, 43], the evidence submitted in

the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

On April 30, 2019, Plaintiff filed the instant action against Defendants VF, CFN, SFN,

1

VO and Vivaria LLC (collectively, "Vivaria") and Francisco Javier Gavilan ("Javier"), her former employer. *See* [DE 1]. Plaintiff filed a Second Amended Complaint on September 4, 2019. *See* [DE 25]. Plaintiff asserts claims for Retaliation in Violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") (Count I); Unpaid Overtime in Violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") (Count II); Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") (Count III); Retaliation in Violation of the Florida Civil Rights Acts ("FCRA") (Count IV); and Breach of Contract or alternatively Unjust Enrichment (Count V). *See* [DE 25]. Defendants now move for summary judgment as to each of Plaintiff's claims.

## II.  STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's

position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

## II.    DISCUSSION

This litigation arises from the ending of an approximately 12-year working relationship between Plaintiff and Defendant Javier Gavilan.   Plaintiff asserts that the Defendants unlawfully terminated her employment in retaliation against her due to her complaint of racial and/or national origin discrimination, in violation of Section 1981, Title VII, and the FCRA, because she complained to Javier Gavilan that Javier's wife called her (in Spanish) a "fucking Mexican." Plaintiff also contends that she is entitled to overtime payments that she did not receive, and that she is owed other payments for work from August 2015 to January 2016.   In contrast, the Defendants maintain that Plaintiff's termination was the result of her failure to protect the companies' sensitive online accounts, that Plaintiff was exempt from the overtime wage requirements of the FLSA and did not work overtime in any event, and she otherwise received all payments to which she was entitled.

### A.  *The Retaliation Claims (Counts I, III, IV)*

The Court first addresses Plaintiff's claims for retaliation pursuant to § 1981, Title VII,

and the FCRA, which are all analyzed under the same framework. *See Hamilton v. Sheridan Healthcorp Inc.*, 602 F. App'x 485, 488 (11th Cir. 2015).  Where the plaintiff does not present any direct evidence of retaliatory discharge, circumstantial evidence may be evaluated under the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, (1973).  Under this framework, the plaintiff must first establish a *prima facie* case of retaliation, which requires showing that: (1) the employee engaged in a protected activity; (2) the employee suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010).  For purposes of this summary judgment motion, Defendants do not challenge the second and third prongs of the *prima facie* case of retaliation, that she suffered adverse actions and her protected activity was causally related to the adverse actions she suffered. Accordingly, the discussion of Plaintiff's *prima facie* case will be limited to the first prong, whether Plaintiff engaged in statutorily protected expression

To meet the first prong, that she engaged in a protected activity, Plaintiff "need not prove the merits" of her underlying complaint of racial and/or national origin discrimination under the relevant statutes (§ 1981, Title VII, and the FCRA in this case), "[b]ut she must demonstrate a good faith, reasonable belief that her employer was engaged in unlawful employment practices." *Tatt v. Atlanta Gas Light Co.*, 138 F. App'x 145, 147 (11th Cir. 2005) (*quoting Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir.1997)).  To do so, Plaintiff must prove both (1) a subjective, good-faith belief that her employer engaged in an unlawful employment practice and (2) that her belief was objectively reasonable. *See id.*  For purposes of this summary judgment motion, Defendants do not contest that Plaintiff subjectively believed

she engaged in protected activity.  Rather, Defendants argue that Plaintiff's belief was not objectively reasonable.  The objective reasonableness of Plaintiff's belief that that her employer engaged in an unlawful employment practice is measured "against existing substantive law." *Tatt*, 138 F. App'x at 147 (*quoting Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir.1999). *See also Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209, 1214 (11th Cir. 2008) ("While a plaintiff can prevail on a retaliation claim based on opposition to an employment practice that is not actually unlawful, we have to consider the controlling substantive law in this circuit when we assess whether a plaintiff's mistaken belief is objectively reasonable.").

To establish a hostile work environment claim under the relevant statutes, a plaintiff must prove that the "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotations and citation omitted) (listing elements of Title VII claim); *see Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002) (noting that Title VII and § 1981 hostile work environment claims have the same elements and are subject to the same analytical framework). The Court considers four factors to determine whether the harassment was severe enough: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and, (4) whether the conduct unreasonably interferes with the employee's job performance. *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir.1997) (internal citations omitted). Thus, "[i]n the light of these factors, we ask whether, under the totality of the circumstances, a reasonable person would find the harassing conduct severe or pervasive to alter the terms or conditions of the plaintiff's employment." *Adams v. Austal, U.S.A., L.L.C.*, 754

F.3d 1240, 1251 (11th Cir.2014).  In addition, in order to hold an employer responsible under the relevant statutes for a hostile environment created by a co-worker, a plaintiff must show that the employer knew or should have known of the harassment in question and failed to take prompt remedial action.  *Little*, 103 F.3d 959.

The Court must assess whether Plaintiff's "belief was objectively reasonable in light of the facts and record presented," *Little*, 103 F.3d at 960, considering the substantive law, *Butler*, 536 F.3d at 1214.  Plaintiff has introduced evidence in the record that, on February 21, 2019, Ms. Balbo, who is the wife of Javier Gavilan and a Vivaria employee, called Plaintiff on the telephone and told her to make her a "super admin" which would give her access to Vivaria's email accounts.  After Plaintiff said that she could not give Ms. Balbo super admin access without Javier Gavilan's permission, Ms. Balbo asked Plaintiff, "Who do you think you are?" When Plaintiff did not respond, Ms. Balbo became angry, called Plaintiff a "Fucking Mexican," and told Plaintiff that if she commands Plaintiff to do something, then she has to do it. During the call, Ms. Balbo was "very mad," "very upset" and "aggressive."  Later that day, Plaintiff reported this incident to Javier Gavilan, her employer, and told him, "your wife called me a fucking Mexican" and "it was very racist."  Plaintiff cried a lot as she spoke to Javier Gavilan, who appeared not to believe Plaintiff.  Plaintiff then had an intense panic attack that caused her a lot of pain, anxiety and confusion; she was afraid, very embarrassed and felt hurt and ashamed. Following Plaintiff's complaint to Javier Gavilan, Plaintiff was suspended from work without pay, physically locked out of the office, her work desk cleaned, her personal property discarded and Vivaria's suppliers told that she no longer worked there.  Construing the facts in the light most favorable to Plaintiff, the non-moving party, a reasonable jury could find that Plaintiff's

belief that the harassing conduct at issue was sufficiently severe under the four factor test to find

that her belief regarding her complaint to her employer was objectively reasonable, meeting the

protected activity element of her *prima facie* case that Defendants unlawfully terminated her

employment in retaliation against her due to her complaint of racial and/or national origin

discrimination, in violation of Section 1981, Title VII, and the FCRA.  The summary judgment

motion as to the retaliation claims (Counts I, III, and IV) shall be denied.

### B.  The FLSA Claim (Count II)

Generally, employers must pay employees overtime for hours worked in excess of forty

(40) hours per week.  The general provision of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his
> employees who in any workweek is engaged in commerce or in the production of
> goods for commerce, or is employed in an enterprise engaged in commerce in the
> production of goods for commerce, for a work week longer than forty hours
> unless such employee received compensation for his employment in excess of the
> hours above specified at a rate not less than one and one-half times the regular
> rate at which he is employed.

29 U.S.C. § 207 (a)(1).  This is subject to several later specified exemptions for particular

classifications of employees.

The FLSA is remedial in nature, and is to be broadly construed. *Antenor v. D & S Farms*,

88 F.3d 925 (11th Cir. 1996).  In light of the remedial nature of the statute, "[e]xemptions under

the FLSA are to be construed narrowly against the employer who asserts them.  The employer

has the burden of showing that it is entitled to the exception." *Sarasota White Sox, Inc.*, 64 F.3d

590, 594 (11th Cir. 1995).  The Eleventh Circuit has held that "the employer, bears the burden of

proving the applicability of a FLSA exception by 'clear and affirmative evidence.'" *Klinedinst v.*

*Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (citing *Birdwell v. City of Gasden,*

*Ala.*, 970 F.2d 802, 805 (11th Cir. 1992)).

Defendants argue that they are entitled to summary judgment as to Plaintiff's FLSA claim in Count II of the Second Amended Complaint on two grounds. The Court will address each, in turn.

First, Defendants contend that Plaintiff's key role within the Vivaria companies exempted her from the Fair Labor Standards Act's overtime requirements because she was employed in a bona fide administrative capacity. *See* 29 U.S.C. § 213(a)(1). The Department of Labor sets forth the following criteria for this exemption as follows:

(a) The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:

(1) Compensated on a salary or fee basis pursuant to § 541.600 at a rate of not less than $684 per week . . . exclusive of board, lodging or other facilities;

(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.

Here, the Court has carefully considered the parties' arguments and the evidence submitted in the record regarding what Plaintiff's roles and tasks were, and whether she was merely carrying out clerical tasks under established procedures or exercising independent discretion and decision-making. It is clear that the parties have polar opposite takes of the character of Plaintiff's job with Defendants, and that the parties have submitted evidentiary support in the record for their disparate positions. Accordingly, the Court finds that disputed issues of material fact preclude summary judgment as to whether Plaintiff is exempt from the

overtime provisions of the FLSA pursuant to the bona fide administrative capacity exemption claimed by Defendants.

Second, Defendants argue that they are entitled to summary judgment because Plaintiff failed to offer specific times she supposedly worked more than forty hours in a week.[1]  Where, as here, the employer did not keep a record of the hours the employee worked, the employee has a "relaxed" burden to demonstrate that she performed uncompensated work. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013).

> "Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, ... [i]t is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment." *Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007). "[I]f an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes," then "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 1315–16 (quotation marks omitted).

*Morgan v. Kalka & Baer LLC*, 750 F. App'x 784, 790 (11th Cir. 2018).

Here, having examined the evidence submitted in the record the Court finds that Plaintiff's approximations and reasoning in support thereof provide a sufficient basis to survive summary judgment.  To the extent that the Defendants contend that Plaintiff's assertions of the number of hours she worked each week are inconsistent, "[t]his is the type of inconsistency that [Defendants] should test through cross-examination at trial and allow the jury to weigh in determining the credibility of [] plaintiff's testimony in support of his or her claims." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1317 (11th Cir. 2007) (reversing district court's grant of summary judgment for employer on overtime FLSA claim).

---

[1] To the extent that this argument is a belated motion to compel better responses to discovery, it is denied.

The summary judgment motion as to the FLSA unpaid overtime claim (Count II) shall be denied.

C. *The Breach of Contract or Alternatively Unjust Enrichment Claim* (Count V)

In her fifth and final count of the Second Amended Complaint, Plaintiff claims breach of contract or alternatively unjust enrichment, on the grounds that from August 2015 through approximately January 2016, Defendants did not pay Plaintiff any compensation for her work. While she alleges that Javier Gavilan made promises to pay her for her work during this time period but did not do so, she failed to come forward with sufficient facts to support the existence of any purported oral or written contract and the terms thereof. Plaintiff's response to the summary judgment motion effectively concedes that there is no enforceable contract under Florida law. *See* [DE 38]. Defendants are entitled to summary judgment on the breach of contract claim in Count V.

In the alternative, Plaintiff claims unjust enrichment – that Defendants voluntarily accepted and benefited from Plaintiff work from August 2015 through approximately January 2016 and equity and good conscience requires Defendants to pay Plaintiff for the value of her work. Defendants argue in their summary judgment motion that most of the Defendants did not even exist at that time—Vivaria Florida LLC and Central Florida Nieves Holdings LLC were formed in August 2016, South Florida Nieves Holdings LLC was formed in August 2017, and Vivaria Ohio was formed in May 2018. Plaintiff's response effectively concedes she has no claim for unjust enrichment against the corporate Defendants, but she argues that she can pursue her unjust enrichment claim against Javier Gavilan. *See* [DE 38].

Under Florida law, the elements of unjust enrichment are: "'(1) a benefit conferred upon

10

a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006)).  The Court, having carefully considered the parties' arguments and the evidence submitted in the record, determines that disputes as to the amount and nature of Plaintiff's work for Javier Gavilan during this timeframe and whether the circumstances of this case make it unjust for Plaintiff to not receive payment for her work beyond receiving the high-paying job with Javier Gavilan's companies for purportedly helping Javier Gavilan form his companies are factual issues that cannot be resolved at summary judgment and must be decided by a jury.

Accordingly, Defendants' summary judgment motion as to Count V is due to be granted as to Plaintiff's claim for breach of contract, granted as to Plaintiff's claim for unjust enrichment against the corporate Defendants, and denied as to Plaintiff's claim for unjust enrichment against Javier Gavilan.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendants' Motion for Summary Judgment [DE 28] is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 4th day of June, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record